■ LORAINE P. LIEBMANN, Respondent, v. HERMAN LIEBMANN, Appellant.

---

* Here, the petitioner testified that he knew from a previous experience that he had to report the accident to the police.

Order and judgment awarding the plaintiff wife alimony and support in the sum of $15,500 per year, annual maintenance of $7,000 for the child of the marriage and a fee of $12,500 to plaintiff's counsel, modified, on the law and on the facts, to the extent of eliminating the retroactive provisions and reducing the counsel fee to $7,500, and, as so modified, affirmed, without costs. There is a sufficient showing of change of circumstances since the award on stipulation in the separation action but it cannot be determined with any degree of certainty on this record when they materialized to the extent of warranting a retroactive award. (See *Liebmann* v. *Liebmann,* 19 A D 2d 821; 18 A D 2d 798; 18 A D 2d 611.)

Steuer, J. (dissenting). We agree with so much of the disposition as reduces the counsel fee to $7,500 and strikes out the retroactive provisions of the order. But we would go further and deny any increase in alimony and support of the child. When this case was in this court before on the appeal from the judgment of divorce, this court reversed that provision of the judgment which ordered a reference as to permanent alimony and support for the child of the marriage and directed the court to fix the same. It appeared that the plaintiff wife had previously obtained a judgment of separation and alimony had been awarded therein based on a stipulation. In directing Trial Term to fix permanent alimony, this court had this to say, in connection with the question of whether there was any change in circumstances warranting any increase in the support provisions found in the separation agreement and incorporated in the separation action judgment: "In the absence of a showing by plaintiff wife of changed circumstances, it would be proper to determine the level of support on the basis of the 1957 judgment of separation and antecedent separation agreement providing for $18,500 annually for the support of plaintiff and child (see *Zlotlow* v. *Zlotlow,* 1 A D 2d 821, mot. for lv. to app. den. 1 A D 2d 950). It is not sufficient simply to show a passage of time during which the child has grown and there has been general inflation of prices. Therefore, the 1957 judgment, in the absence of contrary direct evidence of impact in the standard of support, would still reflect the appropriate amount to be paid by defendant husband." (19 A D 2d 821.)

The court below interpreted this to mean that he was to take testimony as to whether the child had grown and whether there was a general inflation in prices and, if so, to make allowance in the permanent alimony for these two factors. And based on affirmative findings as to these facts, the increases on review here were ordered. It should be fairly clear that where this court pointed out that these two factors would not warrant an increase, when the wife's counsel announced his intention to prove these factors and no others, inquiry should have ended right there.

Whether the former determination of this court is a correct application of the controlling law or not, and whether it provides an equitable standard of support considering the wealth of the husband or not, it is the law of this case. An affirmance of Trial Term's disregard of the order is countenancing a pragmatic reversal of this court.

McNally, J. P., Eager and Staley, JJ., concur in decision; Steuer, J., dissents in opinion in which Stevens, J., concurs.

Order and judgment modified, etc.